# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BAUER FOUNDATION CORP., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:19-cv-00849 |
| | ) Judge Aleta A. Trauger |
| IMI TENNESSEE, INC., Successor in Interest to IRVING MATERIALS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

Defendant IMI Tennessee, Inc. ("IMI") filed a Notice of Removal (Doc. No. 1), removing this action from the Chancery Court for Davidson County, Tennessee to this court on September 27, 2019. Now before the court are (1) the Motion for Remand (Doc. No. 7) filed by plaintiff Bauer Foundation Corp. ("Bauer"); and (2) the Motion to Amend Notice of Removal (Doc. No. 10) filed by IMI. For the reasons set forth herein, the court will grant the Motion to Amend and deny the Motion for Remand.

## I.   BACKGROUND

In a Verified Complaint filed in the Chancery Court for Davidson County, Tennessee on August 29, 2019, Bauer alleges that it is a Florida corporation with its principal place of business in Odessa, Florida and that IMI is an Indiana corporation with its principal place of business in Nashville, Tennessee. (Doc. No. 1-1, Compl. ¶¶ 1–2.)

IMI removed the case to this court on September 27, 2019 on the basis of diversity jurisdiction under 28 U.S.C. § 1332, asserting that the pleadings establish that the amount in controversy exceeds $75,000 and that the parties are citizens of different states. In support of its

assertion that diversity jurisdiction exists, IMI specifically averred in the Notice of Removal that Bauer was, at the time of removal, a citizen of the state of Florida and that IMI was a "citizen of the States of Indiana and Tennessee, being a corporation organized under the laws of Indiana with its principal place of business at 2001 Antioch Pike, Nashville, Tennessee 37013." (Doc. No. 1 ¶¶ 2–3.) IMI filed its Business Entity Disclosure Statement on the same day as its Notice of Removal. This form, filled out and signed by Cris Mabbitt as "President of Tennessee division," states that IMI is a privately held corporation, incorporated in the State of Indiana with "*a* principal place of business in the State of Tennessee." (Doc. No. 2 (emphasis added).) Shortly thereafter, on October 8, 2019, IMI filed its Answer, in which it expressly "admits the allegations contained in paragraph 2 of the Complaint," that is, the allegations that it is incorporated in Indiana and has its principal place of business in Nashville, Tennessee. (Doc. No. 6 ¶ 3.)

Bauer filed a timely Motion for Remand, arguing that, although the pleadings clearly demonstrate that the parties are diverse and the requisite amount of money is in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332, the "Forum Defendant Rule" set forth in 28 U.S.C. § 1441(b)(2) precludes removal. Under this statute, if IMI is a "citizen" of Tennessee, then removal was improper.

IMI promptly filed a Response to the Motion to Remand (Doc. No. 8), supported by the Affidavit of Cristen Robert Mabbitt (Doc. No. 8-1) and other exhibits, and a Motion to Amend Notice of Removal and supporting Memorandum (Doc. Nos. 10, 11). In these filings, IMI argues that it erroneously stated in the Notice of Removal that its principal place of business is in Nashville. In reality, it now claims, its principal place of business is in Greenfield, Indiana.

Bauer has filed a Reply in support of its Motion for Remand (Doc. No. 12) and a Response in opposition to the Motion to Amend Notice of Removal (Doc. No. 13). Its position is

that the defendant's filings display an attempt to maneuver around the forum defendant rule "through a recrafted position on principal place of business" and that the defendant's filings fail to establish that its "nerve center" is actually located in Greenfield, Indiana. (Doc. No. 13, at 2; *see also* Doc. No. 12, at 2.) IMI filed a Reply in support of its Motion to Amend (Doc. No. 18), arguing that Bauer concedes that amendment of a notice of removal is authorized by law and that nothing in Bauer's submissions calls into question the truth of the assertions in Mabbitt's Affidavit.

## II. LEGAL STANDARDS

This matter was removed to this court on the basis of diversity of citizenship under 28 U.S.C. § 1441(a). Removal is generally proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). If such original jurisdiction exists, the case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* After the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject-matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c). Further, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *H.M. the Queen v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citation omitted).

Diversity jurisdiction, of course, provides one basis for original federal jurisdiction over a case, so long as the requirements of 28 U.S.C. § 1332(a) are met, including both diversity of citizenship and an amount in controversy in excess of $75,000. It is undisputed in this case that the parties are diverse and that the amount in controversy exceeds the jurisdictional amount. However, under § 1441(b)(2), a case "removable solely on the basis of [diversity]

jurisdiction . . . may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought."

This provision, "commonly known as the 'forum defendant rule,' is separate and apart from the statute conferring diversity jurisdiction . . . [and] confines removal on the basis of diversity to instances where no defendant is a citizen of the forum state." *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 377 (N.D.W. Va. 2011) (quoting *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006)). As one district court has explained:

> The forum defendant rule exists due to the basic premise behind diversity jurisdiction itself. Section 1332 jurisdiction is designed as a protection for out-of-state litigants from possible bias in favor of in-state litigants in state court. Removal based upon diversity serves this purpose in that an in-state plaintiff may not utilize her position as master of the case to keep an out-of-state defendant in state court in order to take advantage of local bias. However, the protection upon which removal based upon diversity is premised is not an issue when an out-of-state plaintiff chooses to bring[] a suit in the state where the defendant is a citizen. Therefore, the forum defendant rule exists to allow the plaintiff to retain a certain amount of control over her case when such concerns about local bias in her favor are not at issue.

*Id.* at 379 (citation omitted); *see also Lively*, 456 F.3d at 940 ("The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court.").

Under § 1332(c)(1), a corporation is deemed to be a citizen of the state where it was incorporated and the state in which it has its principal place of business. 28 U.S.C. §1332(c)(1). In *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the Supreme Court adopted the "nerve center" test for determining which state qualifies as a corporation's principal place of business. Under this test, the term "principal place of business" "refer[s] to the place where a corporation's officers

direct, control, and coordinate the corporation's activities." *Id.* at 92–93. In practice, this "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93. The nerve center is "a place within a State" and "not the State itself." *Id.* The Court recognized that the test might produce anomalous results: "For example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York." *Id.* at 96. However, the mere fact that a company has offices and conducts business in a state is not dispositive, nor is the amount of business conducted within the state. *Hertz Corp.*, 559 U.S. at 93.

The burden of persuasion for establishing diversity jurisdiction is on the party asserting it. *Id.* at 96; *see also Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (when removal is based on diversity of the parties, the removing defendant has the burden to prove the diversity requirements are satisfied by a preponderance of the evidence). And, "[w]hen challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp.*, 559 U.S. at 96–97; *see also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (when a party makes a factual attack to jurisdiction, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case").

Amendments to notices of removal are authorized by 28 U.S.C. § 1653, which states: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This statute "allows parties to fix 'incorrect statements about jurisdiction that actually

exists, [but] not defects in the jurisdictional facts themselves." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)).

### III. DISCUSSION

The location of IMI's principal place of business is dispositive of both the motions now pending in this court. The Complaint, the original Notice of Removal, Corporate Disclosure Statement, and Answer all indicate on their face that removal was improper under § 1441(b)(2), because IMI admitted to having its principal place of business in Nashville, Tennessee. It now asserts that that representation was mistaken and that IMI's principal place of business is actually in Greenfield, Indiana.

IMI's assertion that its principal place of business is in Indiana is supported by the Affidavit of Cristen Robert Mabbitt. According to Mabbitt, he is the President of the Tennessee Division of IMI, but he is not an officer of the corporation; he has held that position since July 1, 2019; he is responsible for the "Tennessee operations" of IMI but subject to the oversight of the officers of IMI. (Doc. No. 8-1 ¶¶ 2–3.)

The officers of IMI are appointed by IMI's Board of Directors "at its headquarters in Greenfield, Indiana." (*Id.* ¶ 3.) The officers of IMI include President Kevin Swaidner, whose office is in Louisville, Kentucky; Vice President Tonya Alexander, whose office is in Tennessee; Treasurer Kimberly Rollett, whose office is in Evansville, Indiana; Secretary Shawn Burgess, whose office is in Greenfield, Indiana; and Assistant Secretary Kari Rohten, whose office is in Tennessee. (*Id.*)

Mabbitt alleges generally that IMI is a wholly owned subsidiary of Irving Materials, Inc. ("Irving"), which is incorporated in Indiana and is in the business of supplying building materials throughout the midwestern and southern United States. (*Id.* ¶ 6.) According to Mabbitt, Irving

"operates numerous facilities" in the states of Kentucky, Alabama, and Tennessee "under the corporate name of IMI Tennessee, Inc.," in order to facilitate its services to customers in those states. (*Id.* ¶ 9.) He claims that IMI's operations are controlled from Irving's headquarters, "located at 8032 N. State Rd. 9, Greenfield, Indiana 46140." (*Id.* ¶ 10.) IMI's principal place of business is identified in filings with the Indiana Secretary of State as Greenfield, Indiana. (*Id.* ¶ 11; *see also* Indiana Business Entity Report, Doc. No. 8-2.) According to Mabbitt, "decisions regarding capital expenditures, such as the purchase of real property or the construction of facilities, on the part of IMI Tennessee, Inc.," and any decisions regarding expenditures in excess of $100,000, "are made at the company's Indiana headquarters." (*Id.* ¶¶ 12, 13.)

That is the sum total of the evidence in support of IMI's argument that its principal place of business is in Greenfield, Indiana.[1] The countervailing evidence consists of IMI's corporate filings with the Tennessee Secretary of State and in this court, including its Answer. "Factual assertions in pleadings . . . , unless amended, are considered judicial admissions conclusively binding on the party who made them." *Kay v. Minacs Grp. (USA), Inc.*, 580 F. App'x 327, 331 (6th Cir. 2014) (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). However, the question of a defendant's principal place of business is a question of fact, and the court "is free to weigh these prior judicial admissions against" the other facts in the record.

---

[1] IMI also points to documents filed in 2017 in another case before this court as evidence in support of its position that IMI's principal place of business is in Greenfield, Indiana, *Wygle v. IMI Tennessee Inc.*, No. 3:17-cv-00967 (M.D. Tenn.). There, IMI initially sought dismissal for lack of subject matter jurisdiction on the grounds that the Complaint alleged that the plaintiff resided in Tennessee and IMI's principal place of business was in Tennessee, and thus failed to allege diversity of citizenship. It did not actually admit, however, that its principal place of business was in Tennessee. The plaintiff was granted leave to amend her complaint to allege that IMI's principal place of business was in Greenfield, Indiana, and IMI later filed an answer admitting that its principal place of business was in Greenfield, Indiana. Even assuming the court can consider the documents, IMI's bare admission in that case is no more dispositive of the location of its "nerve center" than its Answer in this case, purporting to concede that its principal place of business is in Nashville.

*CBRE Inc. v. Pace Gallery LLC*, No. 1:17-CV-2452, 2018 WL 740994, at *2 (S.D.N.Y. Feb. 6, 2018); *see id.* (finding that a plaintiff's prior judicial admissions were substantially outweighed by other evidence in the record, including the plaintiff's explanation for the judicial admissions). In addition, numerous courts have recognized that statements made in corporate forms are not dispositive. *See, e.g.*, *Hertz Corp.*, 559 U.S. at 97 (rejecting the suggestion that "the mere filing of a form like the Securities and Exchange Commission's Form 10-K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center'"); *Pegasus Indus., Inc. v. Martinrea Heavy Stampings, Inc.*, No. 3:16-CV-00024-GFVT, 2016 WL 3043143, at *2 (E.D. Ky. May 27, 2016) ("While Martinrea's Certificate of Authority filed with the Kentucky Secretary of State's Office lists a Shelbyville location as 'the mailing address of the corporation's principal office,' this is not conclusive proof of Martinrea's nerve center." (citing *Hertz*, 559 U.S. at 97); *Kanowitz v. Broadridge Fin. Sols., Inc.*, No. CV 13-649 DRH AKT, 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014) (referencing the fact that the defendant had "listed a 'principal executive office' in Jersey City, New Jersey in its filings with the New York State Department of State," but noting that, under federal law "the mere listing of a non-New York 'principal executive office' with a state agency is . . . not determinative of Defendant's 'principal place of business'" (citing *Hertz*)).

Bauer argues that the Affidavit submitted by IMI is not sufficient to establish that its principal place of business is in Greenfield, Indiana. It points out that Mabbitt has only been employed as President of the "Tennessee Division" of IMI for four months; he is not a corporate officer; and only two of IMI's officers have offices in Indiana and only one of those in Greenfield. It argues that Mabbitt's factual assertions regarding where decisions are made related to capital expenditures and expenditures in excess of $100,000 "are not probative of actual

control of these functions or of general control of the company and further appear contrived in light of the location" of IMI's other officers. (Doc. No. 13, at 3.) The gist of its arguments is that, if locus of control of the business is actually in Greenfield, "there should certainly be more persuasive proof that could be submitted to the Court"—for example, an affidavit from an actual officer related to the control of IMI's business activities. (*Id.*) The evidence submitted, it maintains, is simply not sufficient to satisfy IMI's burden of proof. (*See id.* at 4 ("Indeed, the absence of more persuasive proof actually supports the original position of Defendant that it is a citizen of Tennessee.").)

Bauer's position is not without merit. Most of the opinions the court has located addressing this issue involve substantially more proof, making resolution of the question easy. For instance, in *Ortega v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 16-00119 WJ/SCY, 2016 WL 10538998, at *4 (D.N.M. May 4, 2016), the affidavit submitted by legal counsel for the defendant, whose citizenship was disputed, established that "corporate records are kept in Utah, board meetings are held in Utah, executive decisions are made in Utah, three of the four officers live in Utah and conduct regular business at the corporation's headquarters in Sandy, Utah, and numerous corporate services are provided in Utah." The court found that these allegations, which were not called into question by any evidence submitted by the plaintiff, satisfied the "nerve center" test and established that the defendant was a citizen of Utah for diversity purposes. *Id.* The fact that one corporate officer had an office in New Mexico and listed his address on the New Mexico Secretary of State's website was not sufficient to overcome that evidence.

Similarly, in *Cofimco USA, Inc. v. Mosiewicz*, No. 15-CV-9118 (SAS), 2016 WL 1070854, at *4 (S.D.N.Y. Mar. 16, 2016), the plaintiff seeking remand to state court submitted two "self-serving declarations" pointing to Italy as the "nerve center" of the corporation. The

declarations, however, simply stated "legal conclusions—parroting the language of the *Hertz* decision—without providing any supporting details" for the assertions that day-to-day business activities were directed and controlled from Italy. *Id.* On the other hand, all of the other evidence submitted in the case

> point[ed] to Texas as Cofimco's principal place of business. Hudson, headquartered in Beasley, Texas, purchased Cofimco in 2004. Following this purchase, Cofimco moved all of its manufacturing to Beasley, Texas. The new Cofimco officers and board of directors all operate out of Beasley, Texas. Consistent with this, Beasley, Texas is listed as the principal office for Cofimco in documents filed with the SCC of Virginia. Finally, some, if not all, of Cofimco's communication with Mosiewicz about the present litigation originated in the Beasley, Texas area.

*Id.* at *3. Under these circumstances, the court had no difficulty in concluding that the plaintiff's principal place of business was in Texas rather than Italy.

However, in other cases, courts have found less information sufficient to establish a corporation's nerve center. *See, e.g.*, *CBRE Inc. v. Pace Gallery LLC*, No. 1:17-CV-2452, 2018 WL 740994, at *2 (S.D.N.Y. Feb. 6, 2018) (finding that the plaintiff sufficiently met its burden of demonstrating that its principal place of business is Los Angeles, California through the declaration of the plaintiff's vice president, which established that the defendant's "headquarters is located in Los Angeles, California, and Board-related business—including the execution and drafting of Board resolutions—is generally conducted in California"); *Kanowitz v. Broadridge Fin. Sols., Inc.*, No. CV 13-649 DRH AKT, 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014) (finding "compelling" the information provided by a corporate officer's declaration that the defendant's principal place of business was in Lake Success, New York, that it had maintained its headquarters at the Lake Success office since 2007, and that, from that location, the defendant's "principal corporate officers direct, control and coordinate [the defendant's] operations and activities on a daily basis").

As IMI argues in its Reply in support of its Motion to Amend Notice of Removal, a corporation can have many offices and many places of business but only one "principal place of business." *Hertz Corp.*, 559 U.S. at 93; *Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 372 (6th Cir. 2014). IMI does not dispute that it has offices and officers in Tennessee and Indiana (and Kentucky) and that it conducts business from those locations, but its *principal* place of business can be in only one of those locations. Cris Mabbitt's sworn statement establishes that IMI's operations are "controlled at the headquarters" of its corporate parent, Irving Materials, Inc. (Doc. No. 8-1 ¶ 10), that its officers are appointed in Greenfield, Indiana by IMI's board of directors (*id.* ¶ 4), and that IMI's "high level" corporate activities (Doc. No. 17, at 2), including decisions on corporate expenditures and expenditures of more than $100,000, are made at the corporate headquarters in Greenfield, Indiana (Doc. No. 8-1 ¶¶ 12–13). Bauer has not presented any evidence suggesting that these allegations in Mabbitt's Affidavit are inaccurate, and it does not present any countervailing evidence.

The resolution of this issue should be easy, but the defendant has made it unnecessarily difficult. In *Hertz Corp.*, the Supreme Court recognized that the place where a corporation maintains its headquarters is normally its principal place of business, "provided that the headquarters is the actual center of direction, control, and coordination, . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp.*, 559 U.S. at 93. Here, IMI submitted the Affidavit of the president of a "division" of IMI rather than that of an actual corporate officer. This Affidavit does not explain how the company functions generally but simply establishes that high level corporate decisions are made at the company's headquarters in Greenfield, Indiana. The defendant provides no explanation for its inconsistent positions, and its

actions in the face of the Motion for Remand appear to be transparent machinations to avoid remand. Nonetheless, in the absence of countervailing evidence (aside from non-dispositive corporate forms and the defendant's allegedly erroneous concessions), the court finds that Mabbitt's Affidavit just barely clears the bar established by *Hertz Corp.* and satisfies—by a mere fraction—IMI's burden of showing by a preponderance of the evidence that its "nerve center" and principal place of business is at the corporate headquarters in Greenfield, Indiana.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, defendant IMI Tennessee, Inc.'s Motion to Amend Notice of Removal (Doc. No. 10) is **GRANTED**, and Bauer Foundation's Motion to Remand (Doc. No. 7) is **DENIED**.

The Initial Case Management Conference is rescheduled for December 9, 2019, at 2:15 PM in the chambers of the undersigned.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge